**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSE VASQUEZ-MARTINEZ,

    Petitioner,

-vs-                                        Case No.  8:04-CV-2121-T-30TBM

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## ORDER

This matter comes before the Court for consideration of Petitioner's Motion to Hold Proceeding In [Abeyance] (Dkt. 11) while he seeks DNA testing under Fla. R. Crim. P. 3.853 and Fla. Stat. § 925.11.  Petitioner states that his case "involves physical evidence that contains DNA to be tested that was not tested previously."

Petitioner's conviction was affirmed on direct appeal on March 22, 2002, with the mandate issuing on April 22, 2002 (Dkt. 1 at 3). *See Vasquez-Martinez v. State*, 816 So.2d 626 (Fla. 2d DCA 2002). Pursuant to Fla. Stat. § 925.11, a petition for post-sentencing DNA testing may be filed "[w]ithin 4 years following the date that the judgment and sentence in the case becomes final if no direct appeal is taken, within 4 years following the date that the conviction is affirmed on direct appeal if an appeal is taken." Fla. Stat. § 925.11 (2004).

In seeking a petition for post-sentencing DNA testing, the petitioner must provide "[a] statement that the sentenced defendant is innocent and how the DNA testing

requested by the petition will exonerate the defendant of the crime for which the defendant was sentenced or will mitigate the sentence received by the defendant for that crime." Fla. Stat. § 925.11(2)(a)(3) (2004).  Although Petitioner states in his request for a stay that DNA testing "may exonerate [him] of the crime for which he was convicted and sentenced," he fails to provide any factual support for this assertion.

Petitioner filed his § 2254 petition on September 16, 2004.  The only claim he asserts therein is that he was denied his "Sixth Amendment guarantee to a fair trial by an impartial jury" when the prosecutor stated during closing argument that "[n]ow, off the bat I want to tell you this defendant, Jose Carlos Vasquez Ortiz Martinez, is guilty as charged. Have no doubt about it."

The Court has received Respondent's limited response addressing the application of the one-year limitations period to the petition.  Respondent states that Petitioner did not receive a copy of the November 20, 2002 order denying his Rule 3.850 motion until June 30, 2003, due to a coding error made when the order was mailed to Petitioner that resulted in the envelope containing the order being returned to the clerk of the state court, *see* Dkt. 10, Ex. 8, Attach.).  Thus, Petitioner's tardiness in filing the appeal of said order was the result of an "extraordinary circumstance" beyond his control.

Petitioner's judgment of conviction was entered on September 22, 2000, he appealed, and his direct appeal terminated unsuccessfully on March 22, 2002, with the mandate issuing on April 22, 2002 (Dkt. 1 at 3). *See Vasquez-Martinez v. State*, 816 So.2d 626 (Fla. 2d DCA 2002).  Thus, in light of the Eleventh Circuit's holding in *Bond v. Moore*, Petitioner's one-year limitations period began to run on June 20, 2002.  309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme

Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be reviewed, and not from the issuance date of the mandate."). Petitioner filed his Rule 3.850 motion on September 11, 2002 (Dkt. 10, Ex. 4 (unnumbered)), 83 days after the limitations period commenced to run. Accepting that the Rule 3.850 motion was pending from the date it was filed until the state appellate court issued its mandate affirming the trial court's decision rejecting said motion on May 17, 2004, when the limitations period recommenced to run, Petitioner had 282 days – until February 24, 2005 -- in which to file a request for federal habeas relief (365 days - 83 days = 282 days). Petitioner filed his § 2254 petition 122 days later on September 16, 2004.  Based on information currently before the Court, it finds that Petitioner's § 2254 petition was timely filed.

The filing of a federal habeas petition does not, however, toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (finding that AEDPA's one-year limitation period for filing a federal habeas petition is not tolled during pendency of a previously filed federal habeas petition).  Thus, a determination that the original petition was timely filed does not operate as a magic talisman to shelter a claim a petitioner attempts to raise after the one-year limitation period has expired. Petitioner's limitations period expired on February 24, 2005.

Therefore, any claim Petitioner were to assert now must relate back to the claim raised in the original petition, or it is time-barred.  To hold otherwise would allow a state prisoner to circumvent the statute of limitations by simply filing an empty federal petition, using Fed. R. Civ. P 15(c) as a method of extending AEDPA's one-year limitations period. *See Davenport v. United States*, 217 F.3d 1341, 1342-46 (11th Cir. 2000), *cert. denied*, 532

U.S. 907 (2001) (finding that to relate back under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings).  *See also Jones v. United States*, 304 F.3d 1035, 1038 n.4 (11th Cir. 2002) (noting that the courts "commonly interpret § 2254 and § 2255 in light of each other" (citation omitted)); *Dean v. United States*, 278 F.3d 1218, 1221-22 (11th Cir. 2002); *Pruitt v. United States*, 274 F.3d 1215, 1218 (11th Cir. 2001).

The Court cannot conceive of a way in which Petitioner can successfully assert a claim which requires a DNA test that would relate back to his Sixth Amendment claim that the prosecutor's remark during closing argument was improper.

**ACCORDINGLY**, the Court **ORDERS** that:

1. Petitioner's Motion to Hold Proceeding in [Abeyance] is **DENIED** (Dkt. 11).

2. Respondent shall have **SIXTY (60) DAYS** from the date of this Order within which to respond to the Petition and to show cause why the Petition should not be granted. The response shall respond to the allegations of the Petition.  In addition, it shall state whether the Petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also the right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings.  If it is denied that Petitioner has exhausted his state remedies, the response shall contain a detailed explanation of which state remedies are available to Petitioner.

The response shall also state whether an evidentiary hearing was accorded Petitioner in a court of the state at either the pre-trial, trial, or post-conviction stage. If such an evidentiary hearing was conducted, the response shall state whether a transcript of the proceedings is presently available and, if not, whether and approximately when it may be

procured; or, if the transcript is neither available nor procurable, whether a narrative summary of the evidence is available or can be procured within a reasonable time. If the transcript or narrative summary is presently available, or is procurable within the time fixed for filing the response, it shall be filed by the Respondent with the response and the record of the pre-trial, trial, and/or post-conviction proceedings. Otherwise, the response and record shall be filed within that time and the transcript or narrative summary shall subsequently be procured by the Respondent and filed.

If the Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the briefs on appeal and of the opinion of the appellate court, if any, shall also be filed by the Respondent with the response. In addition, the response shall contain the citation(s) to the state court opinion(s) that is (are) reported.

3. After Respondent files a response, Petitioner shall file his reply, if any, within **TWENTY (20) DAYS** thereof. *See* Rule 5(a) & (e), Rules Governing Section 2254 Cases (2005). This matter will then be taken under advisement, and a decision will be forthcoming once the Court has completed its review, without further notice to the parties.

If Respondent's response incorporates a motion to dismiss, *pro se* Petitioner is advised out of an abundance of caution[1] that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

If Respondent's response includes documents in support of a request to dismiss/ deny the Petition, the Court will construe this request as a motion for summary judgment.

---

[1] *See Griffin v. Wainwright,* 772 F.2d 822 (11th Cir. 1985), and *Milburn v. United States,* 734 F.2d 762 (11th Cir. 1984), wherein the Court expressed concern about *pro se* litigants in summary judgment cases.

In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will be no evidentiary hearing, and the case will be terminated in this Court.

**DONE** and **ORDERED** in Tampa, Florida on July 25, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
All Parties/Counsel of Record

SA:jsh