UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE VASQUEZ-MARTINEZ,

    Petitioner,

v.                                         Case No. 8:04-cv-2121-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

# **O R D E R**

Petitioner, an inmate of the Florida Penal System, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Respondent has filed a response (Dkt. 13) to the petition, Petitioner has filed a reply (Dkt. 16) to the response, and the matter is before the Court for a decision on the merits. For reasons set forth below, the Court finds that Petitioner has failed to show that he is entitled to federal habeas relief.

**Background**

Petitioner was charged in state court with burglary of a dwelling, grand theft, and aggravated battery. (Dkt. 15, Ex. 12 vol. I at R. 12-16.) After a jury trial, he was convicted on all counts. (Id. vol. II at T. 77 to vol. III at T. 238-41, vol. I at R. 47-48.) The state appellate court affirmed. (Id., Ex. 4.) Petitioner's state court motion for postconviction relief

was denied. (Id., Ex. 7.) The state appellate court affirmed. (Id., Ex. 10.) Petitioner then filed the instant petition in this Court. (Dkt. 1.)

## Standard of Review

Title 28 United States Code § 2254 provides in part:

(a) . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(I) there is an absence of available State corrective process; or
    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .

Subsection (d)(1) requires "highly deferential" review of the state court's judgment, Marquard v. Sec'y for Dep't of Corr., 429 F.3d 1278, 1303 (11th Cir. 2005), "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). To involve an

"unreasonable application," the state court decision must be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). The reasonableness of a state court's application of Supreme Court case law must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652 (2004).

**Discussion**

Petitioner raises a single claim: the state trial court denied Petitioner his Sixth Amendment right to a fair trial by overruling defense counsel's objection to improper statements by the prosecutor in closing argument. The following is the entire exchange on which Petitioner's claim is based.

> MR. ALLEN [prosecutor]: Thank you, Judge. Counsel, members of the jury, on behalf of the people of the State, I want to thank you for your time and attention in this trial.
> Now, off the bat I want to tell you this defendant, Jose Carlos Vasquez Ortiz Martinez, is guilty as charged. Have no doubt about it.
> You heard the testimony and evidence in this case.
>
> MR. CASTILLO [Petitioner's counsel]: Excuse me, may I approach?
>
> THE COURT: Come on up.
>
> (Proceedings at the bench follow:)
>
> THE COURT: Go ahead.
>
> MR. CASTILLO: I want to object to that comment as prosecutorial misconduct by saying that he has no doubt whatsoever about this man's guilt.
>
> THE COURT: That's not what was said. What was said was "have no doubt about it." It wasn't –
>
> MR. CASTILLO: He said "I." That's why I didn't want to make a scene.

> THE COURT: All right.
>
> MR. CASTILLO: That's what I heard him say.
>
> THE COURT: Okay.
>
> (Proceedings in open court follow:)
>
> THE COURT: Go ahead.
>
> MR. ALLEN: As I was saying, at this point you should have no doubt as to the guilt of the defendant in this case.

(Dkt. 15, Ex. 12 vol. III at T. 193-95.) Petitioner's claim fails for two reasons.

First, Petitioner failed to raise this issue as a federal constitutional claim on direct appeal in the state intermediate appellate court. (See id., Ex. 1 at 8-10.) "[E]xhaustion of state remedies requires that petitioners fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . . If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (internal quotation marks omitted). Moreover, Petitioner does not argue that there is an absence of available State corrective process or that circumstances render the State corrective process ineffective to protect his rights. Hence, under 28 U.S.C. § 2254(b)(1), Petitioner's claim cannot be countenanced by this Court.

Second, Petitioner's claim fails on the merits. The state postconviction court did not unreasonably apply Supreme Court case law in finding that the prosecutor's statement,

"Now, off the bat I want to tell you this defendant . . . is guilty as charged. Have no doubt about it," was not an expression of his personal opinion (Dkt. 15, Ex. 7 at 3). Therefore, Petitioner's claim also fails under 28 U.S.C. § 2254(d)(1).

ACCORDINGLY, it is **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2004\04-cv-2121.deny 2254.wpd